Matter of Ryder (2019 NY Slip Op 06398)





Matter of Ryder


2019 NY Slip Op 06398


Decided on August 28, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
JOSEPH J. MALTESE, JJ.


2019-01489

[*1]In the Matter of Carol Eileen Ryder, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Carol Eileen Ryder, respondent. (Attorney Registration No. 4716478)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on September 16, 2009.



Catherine A. Sheridan, Hauppauge, NY (Stacey J. Sharpelletti of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On March 14, 2019, the Grievance Committee for the Tenth Judicial District served the respondent, as authorized pursuant to Judiciary Law § 90(6), by means of substituted service with a notice of petition and a verified petition, both dated October 29, 2018, and duly filed those papers with this Court together with an affidavit of service. The petition alleges that the respondent failed to properly maintain her escrow account, in that she deposited personal funds therein and issued checks against insufficient available funds. The petition also alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to cooperate with the Grievance Committee in connection with nine pending complaints of professional misconduct, and by failing to notify the Office of Court Administration of any change in her business or home address since July 2017. The notice of petition directed the respondent to serve and file her answer to the verified petition within 20 days after service upon her of the notice of petition and the verified petition. To date, the respondent has neither served nor filed an answer to the verified petition, as directed.
The Grievance Committee now moves pursuant to 22 NYCRR 1240.8(a)(6) to deem the charges against the respondent established based upon her default, and to impose such discipline upon her as this Court deems appropriate. The motion papers were served upon the respondent, as authorized pursuant to Judiciary Law § 90(6), by means of substituted service on April 15, 2019, and proof of service was filed with the Court. To date, the respondent has failed to submit papers in response to the instant motion.
Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and MALTESE, JJ., concur.
ORDERED that the Grievance Committee's motion is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Carol Eileen Ryder, is disbarred, and her name is stricken from the roll of attorneys and [*2]counselors-at-law; and it is further,
ORDERED that the respondent, Carol Eileen Ryder, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Carol Eileen Ryder, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Carol Eileen Ryder, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court